# IN THE COURT OF APPEALS OF IOWA

No. 16-1718
Filed January 11, 2017

**IN THE INTEREST OF J.C.,**
**Minor child,**

**J.C., Father,**
　　　Appellant,

**T.T., Mother,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

　　　A mother and father separately appeal the termination of their parental rights to their child.  **AFFIRMED ON BOTH APPEALS.**

　　　Kyle A. Sounhein of Lynch Dallas, P.C., Cedar Rapids, for appellant father.

　　　Ellen R. Ramsey-Kacena, Cedar Rapids, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

　　　Richard F. Mitvalsky of Gray, Stefani & Mitvalsky, P.L.C., Cedar Rapids, guardian ad litem for minor child.

　　　Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge**.

A mother and father separately appeal the termination of their parental rights to their child, J.C., born in February 2012. Because we find the statutory elements were proved by clear and convincing evidence, no additional time would improve the parents' ability to safely care for the child, the best interests of the child are served by severing the relationships, and no strong parental bond exists so as to impede termination, we affirm.

The child came to the attention of the Iowa Department of Human Services (DHS) at the time of his birth because the mother was involved in a child-in-need-of-assistance case involving her older daughter, who remains out of the mother's care.[1] Over the course of the next two and one-half years, the DHS had many concerns as to the safety of this child due to drugs, violence, and inappropriate people being in the home, culminating in the child being removed in October 2014. Subsequently, the child tested positive for ingestion of methamphetamine. After a hearing beginning in December 2015 and concluding in March 2016, the district court terminated the parental rights of both parents by order filed on September 27, 2016.

We review termination proceedings de novo, determining if the grounds for termination are proved under Iowa Code section 232.116(1) (2015). If the grounds are proved, we apply the factors under section 232.116(2) and, finally, determine if there are any impediments to termination as found in section 232.116(3). *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

---

[1] The mother has been involved with the DHS and has received a host of services since 2003. Her three older children were all removed from her care; the two oldest children are now adults.

The mother asserts the statutory provisions of Iowa Code section 232.116(1)(f)(4) were not proved. She claims she had obtained stable housing and was receiving social security disability benefits to support herself and the child. Coupled with her claims of success is her complaint that the DHS and the district court denied her requests to move from fully-supervised to semi-supervised visitation. Because of the mother's long history of mental health problems coupled with drug abuse, certain requirements were made before the DHS would agree to semi-supervised visitation. One of those requirements was that the mother provide consistent clean drug tests. Although the mother completed a substance abuse evaluation, her compliance with drug testing was inconsistent, and therefore, she herself prevented the visits from becoming less supervised.

The mother made some progress during the pendency of this case, but her steps backward demonstrated her periodic progress was short-lived. On January 12, 2016, the mother pled guilty to possession of drug paraphernalia by possessing a pipe with methamphetamine residue, in violation of Iowa Code section 124.414.

The DHS provider opined the child could not be returned to the mother, stating, "My concerns would be the lack of drug testing, her history of substance abuse, reports by the provider of being—Well, for one, prescription bottles being collected by the police when they found the meth pipe." Further, "the ongoing concern is the people that [the mother] associates with. They present a huge safety concern."

The father's parental rights were terminated under Iowa Code section 232.116(1)(e) and (f). He does not appeal the district court's finding as to section 232.116(1)(e). We therefore affirm those findings as to the statutory elements supporting termination and need not delve into the grounds under section 232.116(1)(f). *P.L.*, 778 N.W.2d at 40.

Both the mother and the father testified they were not ready to have J.C. in their care at the time of the termination hearing, but both sought an additional six months to work towards reunification. The father claims because he was "at odds" with the DHS, he quit trying to improve himself and, therefore, he should be given an additional six months. The evidence, however, is quite to the contrary. The father refused all drug testing and treatment; was belligerent, if not threatening, towards the DHS personnel;[2] and stopped attending visitation several months before the final termination hearing. He has declined all other offered services. Moreover, the DHS worker testified his lack of housing and noncompliance with the many services offered were indicators that additional time would not work to improve his situation.

As to the mother, the DHS worker wrote in her March 2, 2016 report to the court:

> [The mother] has struggled making good decisions regarding who she interacts with and invites into her home. [She] has taken minimal responsibility for the poor decisions and will often blame those she has befriended. This worker feels it is unlikely [the mother] will be able to make the necessary changes needed to ensure [J.C.] would be safe in her home.

---

[2] He also made a veiled threat as to a DHS worker's young son.

The district court found, "[T]here is no evidence to support the conclusion that additional time would result in a different outcome." We agree. The lack of sustained progress by the mother and the father's noncompliance with services support the district court's findings. *See* Iowa Code § 232.104(2)(b) (requiring a showing "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").

This is a young child who has overcome many developmental difficulties since his removal from the home. As the guardian ad litem noted in a written report dated September 2015,

> [J.C.]'s verbal skills have improved dramatically since being placed in this home. He uses words increasingly to express his feelings and does not demonstrate significant cognitive deficits. It is probable that in expanding his vocabulary and learning how to express himself using words, [J.C.] is less apt to bang his head in frustration.

We agree with the district court that the child's best interests are to be in a safe and stable environment, which can only be accomplished with the termination of his parents' rights. This child's safety and the need for a permanent home are the "defining elements in a child's best interest." *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

The father and mother both claim their parental bond with the child should preclude termination. The record clearly belies the father's claim. A DHS provider testified that during the father's "supervision of [the child], he is not attentive to [the child] during that hour interaction, they are not engaging." Coupled with the father's lack of any contact with the child for several months prior to the hearing, we agree any bond that may exist between him and the

child is too weak to impede termination. The mother was more consistent with visitation, and her bond with the child was more apparent. However, the district court found, "[The mother's] level of interaction and attention to [J.C. during the visits] is lacking." We agree. The mother's lack of progress in resolving her mental health issues and drug usage, along with the ongoing poor choices she makes as to who may be in the home, outweigh any bond she shares with the child who needs safety and stability.

We affirm the termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**